

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 10351**

------------------------------------------------------------------X

TONDA BRADLEY NKWOR, Individually and on
Behalf of All Other Persons Similarly Situated,

       Plaintiff,

 -against-

FIRST CORPORATE SEDANS, INC., a New York
corporation, GUY BEN ZION and
AMIR BEN ZION, jointly and severally,

       Defendants.

------------------------------------------------------------------X



COMPLAINT & JURY DEMAND

COPY

Plaintiff, through her attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges, on behalf of herself and other similarly situated current and former employees, classified by Defendants as telephone operators and dispatchers and comparable positions with different titles, that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of herself and other similarly situated current and former employees, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay, as well as spread of hours wages, as required by New York Labor Law §§650 *et seq.*, including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in this district pursuant to 29 U.S.C. §1391 as Defendant, Guy Ben Zion, resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district, specifically, New York, New York.

5. Venue is proper in this district pursuant to 29 U.S.C. §1391 as Defendant's, First Corporate Sedan, Inc., principal place of business is in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

7. Plaintiff, Tonda Bradley Nkwor ("Plaintiff"), resides in Queens County, New York.

8. Upon information and belief, Defendants, Guy Ben Zion and Amir Ben Zion, are the owners of First Corporate Sedan, Inc., and control its day to day operations and management.

9. Upon information and belief, Defendant's, First Corporate Sedan, Inc., principal place of business is located at 60 East 42nd Street, New York, New York 10165 and is a New York Corporation.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since November 5, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were telephone operators and dispatchers and comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who received no compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action

Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

   b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   c. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

   d. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated there under;

   e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

  f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  g. whether Defendants should be enjoined from such violations of the FLSA in the future.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

16. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17. Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since November 5, 2001, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were telephone operators and dispatchers and comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid for overtime wages in violation of the New York Labor Law (the "Class").

18. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of Class during the Class Period.

19. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

20. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

22. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

23. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c. whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    d. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

e. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

24. Defendant, First Corporate Sedan, Inc., is a radio dispatch car service.

25. Plaintiff was a telephone operator and dispatcher employed by Defendants from on or about 1993 until on or about July 27, 2007 (the "time period").

26. Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants.

27. The work performed by Plaintiff required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment.

28. Plaintiff often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times her regular hourly rate, and for an extra hour in each day in which Plaintiff worked hours more than ten hours apart, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

29. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

30. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

32. At all relevant times, Defendants employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

34. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

35. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

36. As a result of Defendants' willful failure to compensate its employees, including Plaintiff, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

37. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

39. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

40. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

42. Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

43. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

44. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime compensation ("spread of hours pay"), damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and

costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law §663(1).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statue of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law and spread of hours pay pursuant to the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to the New York Labor Law;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
November 12, 2007

By: _____
Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, New York 10011
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS**

## NOTICE OF CONSENT TO JOIN

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _First Corp Sedan Inc & Am'b/Guy BenZior_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_10/23/07_
DATE

_Londa Bradley Nkwok_
CLIENT SIGNATURE