UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TONDA BRADLEY NKWOR, Individually and on
Behalf of All Other Persons Similarly Situated,

                                  Plaintiff,

                -against-

FIRST CORPORATE SEDANS, INC., a New York
Corporation, GUY BEN ZION and
AMIR BEN ZION, jointly and severally,

                                  Defendants.
------------------------------------------------------------------x

Case No.: 07-CV-10351 (SHS)

**ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

      Defendants First Corporate Sedans, Inc., Guy Ben-Zion s/h/a Guy Ben Zion and Amir Ben-Zion s/h/a Amir Ben Zion (collectively "Defendants"), by their attorneys, Pike & Pike, P.C., as and for their answer to the First Amended Complaint of Plaintiff, set forth herein as follows:

## AS TO ALLEGATIONS CONCERNING THE NATURE OF THE ACTION

1. Deny the allegations contained in paragraph "1" of Plaintiff's Complaint.

2. Deny the allegations contained in paragraph "2" of Plaintiff's Complaint.

## AS TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

3. Admit the allegations contained in paragraph "3" of Plaintiff's Complaint.

4. Admit the allegations contained in paragraph "4" of Plaintiff's Complaint.

5. Admit the allegations contained in paragraph "5" of Plaintiff's Complaint.

6. Admit the allegations contained in paragraph "6" of Plaintiff's Complaint.

1

## AS TO ALLEGATIONS CONCERNING THE PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of Plaintiff's Complaint.

8. Admit the allegations contained in paragraph "8" of Plaintiff's Complaint.

9. Admit the allegations contained in paragraph "9" of Plaintiff's Complaint.

## AS TO COLLECTIVE ACTION ALLEGATIONS

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "10" of Plaintiff's Complaint, except deny that any of Defendants' non-exempt employees failed to receive overtime compensation for hours worked in excess of forty hours per workweek.

11. Deny the allegations contained in paragraph "11" of Plaintiff's Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of Plaintiff's Complaint.

13. Deny the allegations contained in paragraph "13" of Plaintiff's Complaint.

14. Deny the allegations contained in paragraph "14" of Plaintiff's Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "15" of Plaintiff's Complaint.

## AS AND TO CLASS ALLEGATIONS

16. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "16" of Plaintiff's Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in paragraph "17" of Plaintiff's Complaint, except deny that any of Defendants' non-exempt employees failed to receive overtime compensation for hours worked in excess of forty hours per workweek.

18. Deny the allegations contained in paragraph "18" of Plaintiff's Complaint.

19. Deny the allegations contained in paragraph "19" of Plaintiff's Complaint.

20. Deny the allegations contained in paragraph "20" of Plaintiff's Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "21" of Plaintiff's Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "22" of Plaintiff's Complaint.

23. Deny the allegations contained in paragraph "23" of Plaintiff's Complaint.

## AS AND TO STATEMENT OF FACTS

24. Admit the allegations contained in paragraph "24" of Plaintiff's Complaint.

25. Admit the allegations contained in paragraph "25" of Plaintiff's Complaint.

26. Admit the allegations contained in paragraph "26" of Plaintiff's Complaint.

27. Deny the allegations contained in paragraph "27" of Plaintiff's Complaint, except admit that Plaintiff did not make a capital investment.

28. Deny the allegations contained in paragraph "28" of Plaintiff's Complaint.

29. Deny the allegations contained in paragraph "29" of Plaintiff's Complaint.

## AS AND TO FIRST CLAIM FOR RELIEF
## PURSUANT TO FAIR LABOR STANDARDS ACT

30. Answering paragraph "30" of Plaintiff's Complaint, Defendants repeat, reiterate and

re-allege each and every allegation contained in the preceding paragraphs of this answer with the same force and effect as if same were set forth more fully at length herein.

31. Admit the allegations contained in paragraph "31" of Plaintiff's Complaint.

32. Admit the allegations contained in paragraph "32" of Plaintiff's Complaint.

33. Admit the allegations contained in paragraph "33" of Plaintiff's Complaint.

34. Neither admits nor denies the allegations contained in paragraph "34" of Plaintiff's Complaint as the document referenced therein speaks for itself.

35. Deny the allegations contained in paragraph "35" of Plaintiff's Complaint.

36. Deny the allegations contained in paragraph "36" of Plaintiff's Complaint.

37. Deny the allegations contained in paragraph "37" of Plaintiff's Complaint.

38. Deny the allegations contained in paragraph "38" of Plaintiff's Complaint.

39. Deny the allegations contained in paragraph "39" of Plaintiff's Complaint.

## AS AND TO SECOND CLAIM FOR RELIEF PURSUANT TO NEW YORK STATE LABOR LAW

40. Answering paragraph "40" of Plaintiff's Complaint, Defendants repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs of this answer with the same force and effect as if same were set forth more fully at length herein.

41. Admit the allegations contained in paragraph "41" of Plaintiff's Complaint.

42. Deny the allegations contained in paragraph "42" of Plaintiff's Complaint.

43. Deny the allegations contained in paragraph "43" of Plaintiff's Complaint.

44. Deny the allegations contained in paragraph "44" of Plaintiff's Complaint.

## AS AND TO THIRD CLAIM FOR RELIEF
## ALLEGING RETALIATION

45. Answering paragraph "45" of Plaintiff's Complaint, Defendants repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs of this answer with the same force and effect as if same were set forth more fully at length herein.

46. Deny the allegations contained in paragraph "46" of Plaintiff's Complaint.

47. Deny the allegations contained in paragraph "47" of Plaintiff's Complaint.

48. Deny the allegations contained in paragraph "48" of Plaintiff's Complaint.

49. Deny the allegations contained in paragraph "49" of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. Defendants acted at all times in a good faith belief that they were in compliance with all applicable statutes, laws and regulations concerning payment of wages and any other compensation owed to Plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. During all or part of the period in question, Plaintiff was employed in an administrative capacity, and as such comes within the exemptions set forth in section 13 of the Fair Labor Standards Act.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Defendants are not liable for liquidated damages inasmuch as the acts and/or omissions which gave rise to the action were in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the Fair Labor Standards Act.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff is not entitled to class certification and cannot meet the requirements for class certification inasmuch as the claims asserted in the Complaint pertain solely to Plaintiff and to no other potential class members.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. Plaintiff abandoned her position and was not terminated.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. Some or all of Plaintiff's claims are barred by the doctrines of estoppel and waiver.

**WHEREFORE**, Defendants respectfully demand judgment as follows:

a) Dismissing Plaintiff's Complaint as against Defendants in its entirety;

b) together with the costs and disbursements of this action; and

c) such other and further relief as this Court may deem just, proper and equitable.

Dated: January 25, 2008
Bellmore, New York

Yours, etc.

PIKE & PIKE, P.C.

By: Roberta C. Pike (RP 4801)
*Attorneys for Defendants*
1921 Bellmore Avenue
Bellmore, NY 11710
(516) 783-0062

6

To: The Law Office of Justin A. Zeller, P.C.
*Attorneys for Plaintiff*
251 West 14th Street, 5th Floor
New York, NY 10011
(212) 229-2249

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TONDA BRADLEY NKWOR, Individually and on
Behalf of All Other Persons Similarly Situated,

                      Plaintiff,

Case No.: 07-CV-10351 (SHS)

-against-

FIRST CORPORATE SEDANS, INC., a New York
Corporation, GUY BEN ZION and
AMIR BEN ZION, jointly and severally,

**AFFIRMATION OF SERVICE**

                      Defendants.
-------------------------------------------------------------------x

    I, Roberta C. Pike, declare under penalty of perjury that I have served a copy of the attached Answer to First Amended Complaint with Affirmative Defenses upon:

            The Law Office of Justin A. Zeller, P.C.
                *Attorneys for Plaintiff*
            251 West 14th Street, 5th Floor
                New York, NY 10011

by First Class Mail.

Dated: January 25, 2008
       Bellmore, New York

                                      Roberta C. Pike (RP-4801)
                                      *Attorneys for Defendants*
                                        1921 Bellmore Avenue
                                        Bellmore, NY 11710
                                        (516) 783-0062